**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SHAWN LEE PERKINS, )<br>)<br>)<br>Defendant. )<br>) | NO. 5:19-cr-00135-KKC-MAS |

**REPORT AND RECOMMENDATION**

The Court, on referral from the District Court, reviews reported violations of supervised release conditions by Defendant Shawn Lee Perkins ("Perkins"). Considering the record, proffer, and Perkins' allocution at the revocation hearing, the Court recommends that the District Court revoke Perkins' term of supervised release and sentence him to time served with 30 months of supervised release to follow.

**I.   CASE BACKGROUND**

On May 11, 2020, Perkins pleaded guilty to possession with intent to distribute fentanyl and heroin, possession of a firearm by a prohibited person, and making a false statement to purchase a firearm. [DE 31, *see* 21 U.S.C. § 841(a)(1), 18 U.S.C. § 922(g)(9), and 18 U.S.C. § 924(a)(1)(A)]. On August 13, 2020, District Judge Caldwell sentenced Perkins to 78 months' imprisonment, to be followed by three years of supervised release. [DE 39]. The Court later granted a motion reducing his sentence

to 63 months' imprisonment. [DE 44]. Perkins was released from custody and began serving his supervised release term on February 13, 2024.

## II.     SUPERVISED RELEASE HISTORY

### A.     INSTANT VIOLATIONS

On May 22, 2024, the United States Probation Office ("USPO") reported that Perkins was arrested on May 12, 2024, for driving under the influence and speeding 19 miles over the speed limit. (Violation 1, commission of another federal, state, or local crime). [Supervised Release Violation Report ("Report") at 1]. The day following his arrest, Perkins admitted to USPO that he had used marijuana, which a laboratory urine test later confirmed. (Violations 2 and 3, unlawful use of a controlled substance, unlawfully possessing a controlled substance, and commission of a state, federal, or local crime). [Report at 2].

The Court conducted an initial appearance on the supervised release violations pursuant to Federal Rule of Criminal Procedure ("Rule") 32.1 on June 7, 2024. [DE 47]. The Court advised Perkins of his constitutional rights, including his right to a preliminary hearing pursuant to Rule 32.1(b)(1)(A). [DE 47]. Perkins knowingly, voluntarily, and intelligently waived his right to a preliminary hearing; the Court found probable cause that the allegations in the violation report were true. [DE 47]. The United States moved for interim detention, and Perkins did not seek release. The Court thus found that Perkins failed to carry his release burden under Rule 32.1(a)(6) and 18 U.S.C. § 3143(a) and ordered that he remain in custody pending the final hearing.

At the final hearing on July 3, 2024, the Court found Perkins to be competent to enter a knowing, voluntary, and intelligent stipulation to all three violations. [DE 55]. The United States orally moved to dismiss the first Count of Violation 3, which was the violation of federal, state, or local law as the result of possessing marijuana. [DE 55]. For purposes of the Rule 32.1 proceedings, Perkins admitted the factual bases for those violations. [DE 55]. Accordingly, the Court found that the United States established the reported violations as reflected pursuant to 18 U.S.C. § 3583(e).

"Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade." United States Sentencing Guidelines ("USSG" or "Guidelines") § 7B1.2(b). With the dismissal of the first count of Violation 3, all stipulated violations are a Grade C violation. Perkins has a Criminal History Category of III. His original offense of conviction was a Class C felony. Thus, the Guidelines proscribe a range of imprisonment of 5 to 11 months, with a maximum term of imprisonment upon revocation of 24 months. There is no maximum term of supervised release that can be reimposed.

### III. ANALYSIS

The Court has evaluated the entire record and considered the arguments presented at the final hearing, the record concerning Perkins' violations, the Presentence Investigation Report ("PIR"), and the factors set forth in 18 U.S.C. § 3583(e). Considering the incorporated § 3553(a) factors, revocation is warranted to

3

reflect the circumstances surrounding the instant violations and Perkins' original offense, to adequately deter Perkins from future criminality, and to protect the public from any such future crimes. 18 U.S.C. §§ 3553(a)(1), (a)(2)(B)-(C). Revocation is also a necessary consequence for Perkins' abuse of the Court's trust. See USSG § 7, Pt. A. intro. comment 3(b) (observing that "revocation . . . should sanction primarily the defendant's breach of trust").

In recommending a specific revocation sentence, the Court carefully considers the statutory factors in § 3553(a) as incorporated in § 3583(e), as well as the applicable Guidelines range. *See generally United States v. Johnson*, 640 F.3d 195 (6th Cir. 2011). This was Perkins' first violation of his supervised release conditions. His original offense conduct related to firing an AR-15 in the air until neighbors called law enforcement. [Presentence Investigation Report at 4]. When police searched Perkins' residence, they found cash, drugs, and additional firearms. [Presentence Investigation Report at 4]. Upon additional investigation, law enforcement discovered Perkins lied on his application to purchase an AR-15 by denying that he had ever been convicted of a domestic violence crime. [Presentence Investigation Report at 5].

Perkins was arrested on June 4, 2024. [DE 49]. The final hearing in this matter occurred on July 3, 2024. [DE 55]. The United States recommended a revocation sentence of one month—31 days—as punishment for this violation. The United States argued that a lighter sentence is appropriate because the violation was a misdemeanor state offense. The United States stated its hope that this violation process early in Perkins' term of supervision would "get his attention" so that Perkins

4

will respect the Court's trust and the seriousness of supervised release conditions in the future. Perkins agreed that revocation with 31 days incarceration was justified. Thus, the United States moved to release Perkins on July 5, 2024, effectively withdrawing its prior request that he be detained pending the final resolution of this matter. The Court granted that request and ordered Perkins to be released on July 5, 2024. [DE 54]. This is significantly below the Guidelines range of 5 to 11 months; however, the Court agrees with the parties that 31 days accurately reflects the statutory factors in § 3553(a). The violations reflect Perkins' substance use issues; however, Perkins continues to attend substance use and mental health counseling, which should assist his progress on supervision. Reimposing a 30-month term of supervision will provide Perkins with the opportunity for continued support and success post-incarceration, and reflects that Perkins was not on supervision very long before he violated his conditions.

For these reasons, the Court recommends the District Court revoke Perkins' supervised release, impose a sentence of one month (31 days) incarceration, and reimpose a term of supervision of 30 months' supervised release. This sentence considers the factors listed in § 3553(a) as incorporated in § 3583(e), including deterring Perkins from future criminal conduct, providing him with needed counseling, and protecting the public from his crimes. The Court finds the recommended sentence is sufficient but not greater than necessary to achieve these goals and promote respect for the law.

## IV. CONCLUSION

Accordingly, for the reasons stated herein, the Court **RECOMMENDS** that:

(1)  Perkins be found guilty of Violations 1 and 2 and Count 2 of Violation 3;

(2)  Perkins' current term of supervised release be **REVOKED**;

(3)  Perkins be sentenced to an incarceration period of **TIME SERVED**;

(4)  Perkins serve a reimposed **30-month term** of supervised release to follow, subject to the prior conditions.

Perkins preserved his right of allocution. Absent a waiver of allocution, this matter will be placed on Judge Caldwell's docket for an allocution hearing upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within 14 days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Entered this 6th of August, 2024.



MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY

6